IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL NYKIEL, individually and as ADMINISTRATRIX of the ESTATE of GREGORY T. NYKIEL, deceased,<br><br>Plaintiff,<br>v.<br><br>BOROUGH OF SHARPSBURG, SHARPSBURG POLICE DEPARTMENT, LEO RUDZKI, BOROUGH OF ASPINWALL, ASPINWALL POLICE DEPARTMENT, JOHN SABOL, BOROUGH OF BLAWNOX, BLAWNOX POLICE DEPARTMENT, GEORGE BUCHA, THOMAS DUFFY, MATT FUSCO, BOROUGH OF MILLVALE, MILLVALE POLICE DEPARTMENT, MIKE VITH, INDIANA TOWNSHIP, INDIANA TOWNSHIP POLICE DEPARTMENT, TOWNSHIP OF O'HARA, O'HARA POLICE DEPARTMENT, JASON MIDDLEBEE, TOWNSHIP OF HAMPTON, HAMPTON POLICE DEPARTMENT, TOWNSHIP OF SHALER, SHALER POLICE DEPARTMENT, BRIAN KELLY, ERIC STEGMAN, RICHARD ZILAITIS, SHAWN STELITANO, RICHARD FOWLER, BOROUGH OF ETNA, ETNA POLICE DEPARTMENT, and CHAD MITCHELL,<br><br>Defendants. | Civil Action No. 08-0813 |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                        March 19, 2009

This is a civil rights case. Plaintiff Cheryl Nykiel, individually and as Administratrix of the estate of Gregory T. Nykiel, brings this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("section 1983"). Plaintiff alleges that her husband, Mr. Nykiel, sustained injuries and died while in police custody following an unlawful traffic stop, pursuit, and arrest. Plaintiff claims that defendants' actions violated Mr.

Nykiel's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Mr. Nykiel's rights under the Pennsylvania Constitution. Plaintiff also submits claims under Pennsylvania law for battery, wrongful death, survival, and indemnification.

Pending before this court are three motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, motions for more definite statement pursuant to Fed.R.Civ.P. 12(e), filed on behalf of: (1) defendants Borough of Millvale, Millvale Police Department, and Police Officer Michael Vith (the "Millvale defendants") [doc. no. 85]; (2) defendants the Township of Hampton and Hampton Police Department (the "Hampton defendants") [doc. no. 86]; and (3) defendants O'Hara Township, O'Hara Police Department, and Jason Middlebee (the "O'Hara defendants") [doc. no. 90]. For the reasons set forth below, the motions will be granted in part and denied in part.

I.  BACKGROUND

Plaintiff has alleged that on November 14, 2006, defendants pulled over and stopped Mr. Nykiel's vehicle without reasonable suspicion or probable cause while he was driving in Sharpsburg, Pennsylvania. Immediately after the traffic stop, defendants pursued Mr. Nykiel in a cross-jurisdictional police chase that led from Sharpsburg, Pennsylvania to Shaler Township,

Pennylvania. Defendants then arrested Mr. Nykiel and transferred him to the Sharpsburg Police Station. While holding Mr. Nykiel at the police department, defendants beat him and repeatedly shocked him with a Taser, thereby causing his death. [Doc. No. 82].

On June 12, 2008, Ms. Nykiel filed this action. Plaintiff allege the following causes of action: a section 1983 claim against the defendant police officers alleging that they violated Mr. Nykiel's Fourth, Eighth, and Fourteenth Amendment rights (Count I); a section 1983 claim against the defendant boroughs, townships, and police departments alleging that their policies, practices, and customs violated Mr. Nykiel's rights (Count II); battery against all defendants (Count III); wrongful death against all defendants (Count IV); survival against all defendants (Count V); and indemnification against all defendants (Count VI). Plaintiff seeks compensatory and punitive damages on all counts.

The Millvale defendants contend that: (1) plaintiff's second amended complaint fails to state a claim because it does not give fair notice of plaintiff's claims and because its "collectivized pleading" of allegations is insufficient; and (2) plaintiff's punitive damage claim is unsupported by the allegations in the second amended complaint.

The O'Hara defendants adopt the Millvale defendants' argument that the second amended complaint fails to state a claim

and also contend that: (1) the O'Hara Police Department is not a proper party to this action; (2) the punitive damages claim against O'Hara Township must be dismissed; and (3) plaintiff's state law claims against O'Hara Township for battery, wrongful death, and survival fail because O'Hara Township is protected by the Pennsylvania Political Subdivision Tort Claims Act.

The Hampton defendants contend that: (1) plaintiff's section 1983 claim against them fail because plaintiff has not named any individual officer of Hampton Township that engaged in conduct that violated the decedent's Constitutional rights; (2) plaintiff's state law claims for battery, wrongful death, survival, and indemnification fail because the Hampton defendants are protected by the Pennsylvania Political Subdivision Tort Claims Act; (3) the Hampton Police Department is not a proper party to this action; and (4) the punitive damages claim against the Hampton defendants must be dismissed.

The Millvale, O'Hara, and Hampton defendants also argue that, in the alternative, the second amended complaint should be more specifically pled.

II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules

of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of her entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits.

5

Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed the three motions to dismiss, or in the alternative, motions for more definite statement, and the responses thereto.[1]

III. DISCUSSION

    A. The Millvale Defendants' Motions

        1. Failure to State a Claim

The Millvale defendants have moved to dismiss asserting that the second amended complaint "merely alleges legalese and bald liability allegations without factually specifying the alleged conduct of each police officer sufficiently to provide fair notice to the individual (and potentially vicariously liable municipal) Defendants." [Doc. 65 at 7]. We disagree.

---

[1] The Millvale defendants have referenced extrinsic evidence in their reply memorandum [doc. no. 84] but have not presented this evidence to the court or requested that the court convert the instant motion to dismiss to a motion for summary judgment. We will not, therefore, consider the Millvale defendants' evidence outside of the pleadings at this time under the standards of Fed.R.Civ.P. 12(b)(6).

Fed.R.Civ.P. 8(a)(2) requires only that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." It must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Twombly, 127 S.Ct. at 1964 (citing Conley, 355 U.S. at 47). Plaintiffs are not required to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).

Plaintiff's second amended complaint includes specific allegations that the Millvale defendants participated in the police pursuit and arrest of Mr. Nykiel. [Doc. No. 82 at ¶¶ 59-62]. The second amended complaint also alleges that the Millvale defendants "participated in the events subsequent to the arrest of decedent and prior to his death." [Doc. No. 82 at ¶ 63]. These events include striking, kicking, punching, and bludgeoning Mr. Nykiel. [Doc. No. 82 at ¶ 48]. Plaintiff's allegations are clear enough to put the Millvale defendants on notice of the claims against them.

Moreover, that some of plaintiff's allegations are in the form of "collectivized pleadings" does not render the complaint insufficient. The law is clear that Rule 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed.R.Civ.P. 8(a)(2).

The Millvale defendants will have an opportunity during discovery to investigate the specific facts underlying plaintiff's

7

complaint.² Accordingly, the Millvale defendants' motion to dismiss for failure to state a claim is denied.³

2. Punitive Damages

The Millvale defendants' argue that the claims for punitive damages should be dismissed because plaintiff has failed to allege that they committed intentional, reckless, or malicious acts. Plaintiff concedes that, with respect to the Borough of Millvale and the Millvale Police Department, punitive damages are not available [doc. no. 83 at 9]. Plaintiff, however, contends that her claim for punitive damages is supported with respect to Officer Vith.

A claim may not be dismissed under Rule 12(b)(6) unless is appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (quoting Conley, 355 U.S. at 45-46). Because it cannot be said that plaintiff can prove no set of facts which would prompt an award of punitive damages under Pennsylvania law with regard to Officer Vith, the Millvale

---

² We recognize that Mr. Nykiel is alleged to have suffered indivisible injuries caused by multiple blows by multiple police officers. There is no logical or reasonable way for plaintiff to separately attribute Mr. Nykiel's injuries to the blows inflicted by each police officer.

³ The O'Hara defendants incorporated the Millvale defendants' argument for dismissal based on a failure to state a claim. For the foregoing reasons, we also deny the O'Hara defendants' request and will not address it further in this memorandum.

defendants' motion to dismiss the punitive damages demand with regard to Officer Vith is premature and must be denied. We will, however, dismiss the punitive damages claim against the Borough of Millvale and the Millvale Police Department.

B.  The O'Hara Defendants' Motions

1.  Proper Party

The O'Hara defendants argue that the O'Hara Police Department should be dismissed because it is not a proper party to this action. We agree that the O'Hara Police Department is not a legal entity separate from the Township and is not subject to suit. See Benard v. Washington County, 465 F.Supp.2d 461, 470 (W.D. Pa. 2006). Moreover, plaintiff concedes the same [doc. no. 102 at n.1]. Accordingly, the O'Hara Police Department is dismissed from this action.

2.  Punitive Damages

The O'Hara defendants' argue that the punitive damages claim against O'Hara Township should be dismissed because a municipality is immune from claims of punitive damages. Plaintiff concedes that punitive damages are not available against O'Hara Township [doc. no. 102 at 7]. Plaintiff, however, contends that her claim for punitive damages is supported with respect to Officer Middlebee.

For the same reasons we previously stated with regard to the punitive damages claim against Officer Vith, we hold that the

O'Hara defendants' motion to dismiss the punitive damages demand with regard to Officer Middlebee is premature and must be denied.

### 3. State Law Claims for Battery, Wrongful Death, and Survival

The O'Hara defendants also argue that plaintiff's state law claims against O'Hara Township for battery, wrongful death, and survival fail because O'Hara Township is protected by the Pennsylvania Political Subdivision Tort Claims Act. Plaintiff concedes that O'Hara Township is immune from suit on these claims [doc. no. 102 at n.1]. Accordingly, the claims for battery, wrongful death, and survival against O'Hara Township are dismissed.

### B. The Hampton Defendants' Motions

#### 1. Section 1983 Municipal Liability

The Hampton defendants assert that plaintiff's section 1983 claim against them fails because plaintiff has not named an individual officer of Hampton Township that engaged in conduct which violated Mr. Nykiel's constitutional rights. Plaintiff responds that it is not necessary to name an individual Hampton Township police officer in its complaint against the municipality.

A plaintiff may state a section 1983 claim against a municipality "when execution of [the municipality's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). Despite the lack of detail in plaintiff's complaint

regarding her claim against the Hampton defendants, the court finds that Plaintiff's allegations are enough to put the Hampton defendants on notice of the claim against them. We will, therefore, deny the Hampton defendants' motion to dismiss this claim.

### 2. State Law Claims for Battery, Wrongful Death, Survival, and Indemnification

The Hampton defendants also argue that plaintiff's state law claims against them for battery, wrongful death, survival, and indemnification fail because they are protected by the Pennsylvania Political Subdivision Tort Claims Act. Plaintiff concedes that the Hampton defendants are immune from suit on the claims for battery, wrongful death, and survival [doc. no. 101 at n.1]. Accordingly, plaintiff's claims for battery, wrongful death, and survival against the Hampton defendants are dismissed.

Because plaintiff has not named an individual Township of Hampton police officer as a defendant in this action, we will also dismiss plaintiff's claim for indemnification against the Hampton defendants.

### 3. Punitive Damages

The Hampton defendants argue that the plaintiff's request for punitive damages fails because the recovery of punitive damages from governmental entities is prohibited. Plaintiff concedes that punitive damages are not available against the Hampton defendants

11

[doc. no. 101 at n.1]. We agree. Accordingly, the punitive damages claims against the Hampton defendants are dismissed.

### 4. Proper Party

The Hampton defendants complain that the Hampton Police Department should be dismissed because it is not a proper party to this action. We agree and plaintiff concedes the same [doc. no. 101 at n.1]. Accordingly, the Hampton Police Department is not subject to suit. See Benard, 465 F.Supp.2d at 470.

For the foregoing reasons, we also deny the Millvale defendants, the O'Hara defendants, and the Hampton defendants' motions for more definite statement.

An appropriate order follows.

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

CHERYL NYKIEL, individually and as  )
ADMINISTRATRIX of the ESTATE of     )
GREGORY T. NYKIEL, deceased,        )
                                    )
           Plaintiff,               )
     v.                             )    Civil Action No. 08-0813
                                    )
BOROUGH OF SHARPSBURG, SHARPSBURG   )
POLICE DEPARTMENT, LEO RUDZKI,      )
BOROUGH OF ASPINWALL, ASPINWALL     )
POLICE DEPARTMENT, JOHN SABOL,      )
BOROUGH OF BLAWNOX, BLAWNOX POLICE  )
DEPARTMENT, GEORGE BUCHA, THOMAS    )
DUFFY, MATT FUSCO, BOROUGH OF       )
MILLVALE, MILLVALE POLICE           )
DEPARTMENT, MIKE VITH, INDIANA      )
TOWNSHIP, INDIANA TOWNSHIP POLICE   )
DEPARTMENT, TOWNSHIP OF O'HARA,     )
O'HARA POLICE DEPARTMENT, JASON     )
MIDDLEBEE, TOWNSHIP OF HAMPTON,     )
HAMPTON POLICE DEPARTMENT, TOWNSHIP )
OF SHALER, SHALER POLICE DEPARTMENT,)
BRIAN KELLY, ERIC STEGMAN, RICHARD  )
ZILAITIS, SHAWN STELITANO, RICHARD  )
FOWLER, BOROUGH OF ETNA, ETNA POLICE)
DEPARTMENT, and CHAD MITCHELL,      )
                                    )
           Defendants.              )

## ORDER

AND NOW, this 19th day of March, 2009, IT IS HEREBY ORDERED that defendants the Borough of Millvale, the Millvale Police Department, and Police Officer Michael Vith's motion to dismiss, or in the alternative, motion for more definite statement [doc. no. 85] is GRANTED in part and DENIED in part. The motion is DENIED as to dismissal of the amended complaint for failure to state a claim.

13

The motion is DENIED as to plaintiff's punitive damages claim against Officer Vith and GRANTED as to plaintiff's punitive damages claim against the Borough of Millvale and the Millvale Police Department.

IT IS FURTHER ORDERED THAT O'Hara Township, the O'Hara Police Department, and Police Officer Middlebee's motion to dismiss, or in the alternative, motion for more definite statement [doc. no. 90] is GRANTED in part and DENIED in part. The motion is DENIED as to dismissal of the amended complaint for failure to state a claim. The motion is DENIED as to plaintiff's punitive damages claim against Officer Middlebee and GRANTED as to plaintiff's punitive damages claim against O'Hara Township and the O'Hara Police Department. The motion is GRANTED as to dismissal of the O'Hara Police Department. The motion is GRANTED as to dismissal of the state law claims for battery, wrongful death, and survival against O'Hara Township.

IT IS FURTHER ORDERED THAT the Township of Hampton and Hampton Police Department's motion to dismiss, or in the alternative, motion for more definite statement [doc. no. 86] is GRANTED in part and DENIED in part. The motion is DENIED as to the section 1983 claim alleging that the municipal defendants had a custom or policy that inflicted injury. The motion is GRANTED as to dismissal of the state law claims for battery, wrongful death, survival, and indemnification against the Township of Hampton and

Hampton Police Department. The motion is GRANTED as to plaintiff's punitive damages claim against the Township of Hampton and Hampton Police Department. The motion is GRANTED as to dismissal of the Hampton Police Department.

IT IS FURTHER ORDERED THAT the motions for a more definite statement [doc. nos. 85, 86, and 90] are DENIED.

BY THE COURT:

_____
Gary L. Lancaster
United States District Judge

cc: All counsel of record