IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL NYKIEL, individually and as ADMINISTRATRIX of the ESTATE of GREGORY T. NYKIEL, deceased, <br><br> Plaintiff, <br><br> v. <br><br> BOROUGH OF SHARPSBURG, SHARPSBURG POLICE DEPARTMENT, LEO RUDZKI, BOROUGH OF ASPINWALL, ASPINWALL POLICE DEPARTMENT, JOHN SABOL, BOROUGH OF BLAWNOX, BLAWNOX POLICE DEPARTMENT, GEORGE BUCHA, THOMAS DUFFY, MATT FUSCO, BOROUGH OF MILLVALE, MILLVALE POLICE DEPARTMENT, MIKE VITH, INDIANA TOWNSHIP, INDIANA TOWNSHIP POLICE DEPARTMENT, TOWNSHIP OF O'HARA, O'HARA POLICE DEPARTMENT, JASON MIDDLEBEE, TOWNSHIP OF HAMPTON, HAMPTON POLICE DEPARTMENT, TOWNSHIP OF SHALER, SHALER POLICE DEPARTMENT, BRIAN KELLY, ERIC STEGMAN, RICHARD ZILAITIS, SHAWN STELITANO, RICHARD FOWLER, BOROUGH OF ETNA, ETNA POLICE DEPARTMENT, and CHAD MITCHELL, <br><br> Defendants. | Civil Action No. 08-0813 |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                         June 2, 2009

This is a civil rights case. Plaintiff Cheryl Nykiel, individually and as Administratrix of the estate of Gregory T. Nykiel, brings this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("section 1983"). Plaintiff alleges that her husband, Mr. Nykiel, sustained injuries and died while in police custody following an unlawful traffic stop, pursuit, and arrest. Plaintiff claims that defendants' actions violated Mr.

Nykiel's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Mr. Nykiel's rights under the Pennsylvania Constitution. Plaintiff also submits claims under Pennsylvania law for battery, wrongful death, survival, and indemnification.

Pending before this court is a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, a motion for more definite statement pursuant to Fed.R.Civ.P. 12(e), filed on behalf of defendants Indiana Township and Indiana Township Police Department (the "Indiana defendants") [doc. no. 111]. For the reasons set forth below, the motion will be granted in part and denied in part.

I. BACKGROUND

Plaintiff has alleged that on November 14, 2006, defendants pulled over and stopped Mr. Nykiel's vehicle without reasonable suspicion or probable cause while he was driving in Sharpsburg, Pennsylvania. Immediately after the traffic stop, defendants pursued Mr. Nykiel in a cross-jurisdictional police chase that led from Sharpsburg, Pennsylvania to Shaler Township, Pennylvania. Defendants then arrested Mr. Nykiel and transferred him to the Sharpsburg Police Station. While holding Mr. Nykiel at the police department, defendants beat him and repeatedly shocked him with a Taser, thereby causing his death. [Doc. No. 82].

2

On June 12, 2008, Ms. Nykiel filed this action. Plaintiff alleges the following causes of action: a section 1983 claim against the defendant police officers alleging that they violated Mr. Nykiel's Fourth, Eighth, and Fourteenth Amendment rights (Count I); a section 1983 claim against the defendant boroughs, townships, and police departments alleging that their policies, practices, and customs violated Mr. Nykiel's rights (Count II); battery against all defendants (Count III); wrongful death against all defendants (Count IV); survival against all defendants (Count V); and indemnification against all defendants (Count VI). Plaintiff seeks compensatory and punitive damages on all counts.

The Indiana defendants contend that: (1) plaintiff's section 1983 claim against them fails because plaintiff has not named any individual officer of Indiana Township that engaged in conduct that violated the decedent's Constitutional rights; (2) plaintiff's state law claims for battery, wrongful death, survival, and indemnification fail because the Indiana defendants are protected by the Pennsylvania Political Subdivision Tort Claims Act; (3) the Indiana Township Police Department is not a proper party to this action; (4) the Eighth Amendment claims must be dismissed because plaintiff does not contend that there was a formal adjudication of guilt or incarceration; (5) the punitive damages claim against the Indiana defendants must be dismissed

because the recovery of punitive damages from governmental entities is prohibited; and (6) plaintiff's claim pursuant to the Pennsylvania Constitution fails because the Pennsylvania Constitution does not provide a private right of action for damages.

The Indiana defendants also argue that, in the alternative, the second amended complaint should be more specifically pled.

II.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of her entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required

4

elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed the motion to dismiss, or in the alternative, motion for more definite statement, and the response thereto.

III. <u>DISCUSSION</u>

1. <u>Section 1983 Municipal Liability</u>

The Indiana defendants assert that plaintiff's section 1983 claim against them fails because plaintiff has not named an individual police officer of Indiana Township that engaged in conduct that violated Mr. Nykiel's constitutional rights. Plaintiff responds that it is not necessary to name an individual Indiana Township police officer in its complaint against the municipality.

A plaintiff may state a section 1983 claim against a municipality "when execution of [the municipality's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694-95 (1978). Despite the lack of detail in plaintiff's complaint regarding her claim against the Indiana defendants, the court finds that Plaintiff's allegations are enough to put the Indiana defendants on notice of the claim against them. We will, therefore, deny the Indiana defendants' motion to dismiss this claim.

2. <u>State Law Claims for Battery, Wrongful Death, Survival, and Indemnification</u>

The Indiana defendants also argue that plaintiff's state law claims against them for battery, wrongful death, survival, and indemnification fail because they are protected by the Pennsylvania

Political Subdivision Tort Claims Act. Plaintiff concedes that the Indiana defendants are immune from suit on the claims for battery, wrongful death, and survival [doc. no. 117 at n.1]. Accordingly, plaintiff's claims for battery, wrongful death, and survival against the Indiana defendants are dismissed.

Because plaintiff has not named an individual Indiana Township police officer as a defendant in this action, we will also dismiss plaintiff's claim for indemnification against the Indiana defendants.

### 3. Proper Party

The Indiana defendants complain that the Indiana Township Police Department should be dismissed because it is not a proper party to this action. We agree and plaintiff concedes the same [doc. no. 117 at n.1]. Accordingly, the Indiana Township Police Department is not subject to suit. See Benard v. Washington County, 465 F.Supp.2d 461, 470 (W.D. Pa. 2006).

### 4. Eighth Amendment Claims

The Indiana defendants argue that plaintiff's claim pursuant to the Eighth Amendment fails because Eighth Amendment protections do not apply until after a defendant is convicted and sentenced. Graham v. Connor, 490 U.S. 386, 392 n.6 (1989). Plaintiff concedes that there is no Eighth Amendment violation here [doc. no. 117 at n.1]. Accordingly, we hold that the Eighth Amendment claim against the Indiana defendants is dismissed.

5. <u>Punitive Damages</u>

The Indiana defendants argue that plaintiff's request for punitive damages fails because the recovery of punitive damages from governmental entities is prohibited. Plaintiff concedes that punitive damages are not available against the Indiana defendants [doc. no. 117 at n.1]. We agree. The punitive damages claims against the Indiana defendants are dismissed.

6. <u>Claims Pursuant to the Pennsylvania Constitution</u>

Count II of plaintiff's second amended complaint sets forth a claim for damages under the Pennsylvania Constitution as well as section 1983. The Indiana defendants now argue that this claim must be dismissed because there is no private cause of action for monetary damages under the Pennsylvania Constitution.

The Supreme Court of Pennsylvania has not yet ruled on the issue of whether the Pennsylvania Constitution provides a cause of action for damages. The Commonwealth Court of Pennsylvania, as well as our sister courts, have explicitly held that no such right exists under the Pennsylvania Constitution. <u>See</u> <u>R.H.S. v. Allegheny County Dept. of Human Servs., Office of Mental Health</u>, 936 A.2d 1218, 1225-226 (Pa. Commw. Ct. 2007) <u>appeal denied</u>, 954 A.2d 579 (2008); <u>Underwood v. Beaver County Children And Youth Servs.</u>, No. 03-1475, 2007 WL 3034069, at *2 (W.D. Pa. Oct. 7, 2007); <u>Ryan v. Gen. Machine Prods.</u>, 277 F.Supp.2d 585, 595 (E.D. Pa. 2003).

Accordingly, we hold that plaintiff's claim for damages based upon the Pennsylvania Constitution fails. See Hellmann v. Kercher, No. 07-1373, 2009 WL 586511, at *5 (W.D. Pa. Mar. 6, 2009).

For the foregoing reasons, we also deny the Indiana defendants' motion for more definite statement.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL NYKIEL, individually and as )
ADMINISTRATRIX of the ESTATE of )
GREGORY T. NYKIEL, deceased, )
)
      Plaintiff, )
  v. ) Civil Action No. 08-0813
)
BOROUGH OF SHARPSBURG, SHARPSBURG )
POLICE DEPARTMENT, LEO RUDZKI, )
BOROUGH OF ASPINWALL, ASPINWALL )
POLICE DEPARTMENT, JOHN SABOL, )
BOROUGH OF BLAWNOX, BLAWNOX POLICE )
DEPARTMENT, GEORGE BUCHA, THOMAS )
DUFFY, MATT FUSCO, BOROUGH OF )
MILLVALE, MILLVALE POLICE )
DEPARTMENT, MIKE VITH, INDIANA )
TOWNSHIP, INDIANA TOWNSHIP POLICE )
DEPARTMENT, TOWNSHIP OF O'HARA, )
O'HARA POLICE DEPARTMENT, JASON )
MIDDLEBEE, TOWNSHIP OF HAMPTON, )
HAMPTON POLICE DEPARTMENT, TOWNSHIP )
OF SHALER, SHALER POLICE DEPARTMENT, )
BRIAN KELLY, ERIC STEGMAN, RICHARD )
ZILAITIS, SHAWN STELITANO, RICHARD )
FOWLER, BOROUGH OF ETNA, ETNA POLICE )
DEPARTMENT, and CHAD MITCHELL, )
)
      Defendants. )

## ORDER

AND NOW, this 2nd day of June, 2009, IT IS HEREBY ORDERED that Indiana Township and Indiana Township Police Department's motion to dismiss, or in the alternative, motion for more definite statement [doc. no. 111] is GRANTED in part and DENIED in part. The motion is DENIED as to the section 1983 claim alleging that Indiana Township and the Indiana Township Police Department had a custom or policy that inflicted injury. The motion is GRANTED as to dismissal of the state law claims for battery, wrongful death,

survival, and indemnification against Indiana Township and the Indiana Township Police Department. The motion is GRANTED as to dismissal of the Indiana Township Police Department. The motion is GRANTED as to dismissal of the Eighth Amendment claims against Indiana Township and the Indiana Township Police Department. The motion is GRANTED as to dismissal of plaintiff's punitive damages claim against Indiana Township and the Indiana Township Police Department. The motion is GRANTED as to dismissal of the claims against Indiana Township and the Indiana Township Police Department made pursuant to the Pennsylvania Constitution.

IT IS FURTHER ORDERED THAT the motion for a more definite statement [doc. no. 111] is DENIED.

BY THE COURT:

Gary L. Lancaster
United States District Judge

cc: All counsel of record